# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| HEATHER HENRY and SHAWN HENRY, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) No. 1:18-cv-01244-STA-egb ) |
| CMBB, LLC, | ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiffs Heather and Shawn Henry filed this action in the Circuit Court of Gibson County, Tennessee, against Defendant CMBB, LLC, to recover for injuries that Plaintiff Heather Henry received while working for Defendant. Defendant removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendant has filed a motion to dismiss the complaint. (ECF No. 7.) Plaintiffs have filed a response to the motion (ECF No. 8), and Defendant has filed a reply to Plaintiffs' response. (ECF No. 9.) For the reasons set forth below, Defendant's motion is **GRANTED**.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

The complaint alleges as follows. Defendant operates a business known as Chicago Metallic in Humboldt, Tennessee. On or about November 15, 2017, Plaintiff Heather Henry was an employee of Personnel Placements, LLC, and she was placed at Chicago Metallic. On that date, she was injured while operating a press. Plaintiffs allege that the safety mechanism on the press was not properly adjusted and monitored. Plaintiffs further allege that Defendant and its agents and employees knew that the safety mechanism did not function properly and did not protect machine operators such as Plaintiff Heather Henry. Defendant and its agents and employees ordered a part to adjust the safety mechanism. Although that part had not been received or installed, Plaintiff Heather Henry and other machine operators were assigned to work on the press, and Plaintiff was subsequently injured. Plaintiffs allege that, by assigning Heather Henry to operate the press knowing that the safety mechanism did not function properly, Defendant intentionally injured her. Plaintiff Shawn Henry has brought a claim for loss of consortium. (Cmplt. ECF No. 1-2.)

Defendant has moved to dismiss the complaint on the ground that at the time of Plaintiff's accident it was the statutory employer or co-employer of Plaintiff, and, therefore, it is immune from suit under the exclusivity provision of the Tennessee Workers' Compensation Act. That statute provides:

2

> The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident ... shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.

Tenn. Code Ann. § 50-6-108(a).[1] This provision has been interpreted to bar tort claims against an employer that arise out of work-related injuries unless the employer committed an intentional tort against the employee. *See Valencia v. Freeland and Lemm Constr. Co.*, 108 S.W.3d 239, 242-43 (Tenn. 2003).

Tennessee Workers' Compensation Act applies to employees of temporary agencies placed at a business, such as Plaintiff Heather Henry, as well as regular employees. It is well settled under Tennessee law that "an employee of a temporary manpower service is considered also to be an employee of the company to which the employee is assigned, for workers' compensation purposes." *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 75 (Tenn. Ct. App. 2016), *appeal denied* (Apr. 13, 2017) (quoting *Abbott v. Klote Int'l Corp.*, 1999 WL 172646 at *3 (Tenn. Ct. App. Mar. 24, 1999), *perm. app. denied* (Tenn. Sept. 13, 1999)). As explained in *Stephens*,

> When a temporary worker accepts employment and enters into an employment agreement with a temporary agency, he or she "necessarily consents to work for the clients of the agency" and enters into "an implied contract with a special employer." *Tedder v. Union Planters Corp.*, No. W1999-01971-COA-R3-CV, 2001 WL 589139, at *2 (Tenn. Ct. App. May 29, 2001) (concluding that an employee of a temporary employment agency was a co-employee of the bank where she was assigned to work, pursuant to the loaned servant doctrine, and therefore, her exclusive remedy against the bank was under the workers' compensation statutes); *see also Bennett* [*v. Mid–S. Terminals Corp.*, 660 S.W.2d 799, 801-02 (Tenn. Ct. App. 1983)] (finding the loaned servant doctrine applicable to an employee of a supplier of temporary manpower).

---

[1] The parties agree that, if Plaintiff Heather Henry's claim is barred, then so also is the claim for loss of consortium brought by Plaintiff Shawn Henry.

*Stephens*, 529 S.W.3d at 75.

In the present case, as an employee of Personnel Placements, LLC, Plaintiff was directed to report to Chicago Metallic. The fact that she entered into this employment arrangement constitutes a general consent to work for Defendant as a loaned employee for purposes of workers' compensation protection. Thus, Defendant became liable for her workers' compensation.

To meet the exception of Tennessee's workers' compensation intentional tort exclusivity provision, the employee must "show that the employer actually intended to injure the employee. Proof of gross or criminal negligence is insufficient in this regard." *Valencia*, 108 S.W.3d at 243. To survive a motion to dismiss, the complaint must "allege facts showing that the employer actually intended to injure the employee." *Id.* In the absence of actual intent, the plaintiff is limited to her workers' compensation remedies. *Id.* at 240.

In *Valencia*, a construction worker was working in an open trench, which collapsed and caused his death. *Id.* at 241. Safety regulations required that companies using construction trenches either slope the sides of the trenches or use "trench-boxes" to ensure that the trenches did not collapse. The employer had previously been cited for violating these regulations, but, in spite of the citations, it continued to construct trenches that were neither sloped nor reinforced. The employer also committed other safety violations, and the collapse that killed the worker was "likely" a result of these safety violations. The worker's next of kin filed suit against the employer, asserting claims for intentional misrepresentation, negligence, strict liability, wrongful death, and assault. Despite the allegation in the complaint that the employer "acted with the 'actual intent' to injure [the worker]," the trial court granted the employer's motion to dismiss the tort claims, finding that, although the complaint "indicated that the employer's conduct was

'substantially certain' to cause death ... the employer's conduct was not indicative of an 'actual intent' to injure [the worker]." *Id.*

On appeal, the Tennessee Supreme Court rejected the plaintiff's argument that "actual intent" should be broadly interpreted to include an employer's conduct that was "substantially certain" to cause injury or death such as committing safety violations. *Id.* at 243. "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist [or] knowingly ordering claimant to perform an extremely dangerous job, ... this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Id.* at 242.

In the present case, Plaintiffs' allegations that Defendant's violations of safety standards resulted in her injury do not meet Tennessee's requirement of alleging an actual intention to harm the employee in order to fall into the intentional tort exception. *See Mize v. Conagra, Inc.*, 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987) (reiterating that "an employer's duty to provide a safe place to work is not equated with an actual intent to injure nor intentional tortious conduct"). "[I]njuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury*" do not fall within the ambit of the intentional tort exception. *Id.* (emphasis in original) (internal citations omitted). Even "knowingly ordering [an employee] to perform an extremely dangerous job, willfully and unlawfully violating a safety statute, this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character." *Id.* (emphasis in original).

In *Rodgers v. GCA Servs. Grp.*, 2013 WL 543828 (Tenn. Ct. App. Feb. 13, 2013), the Court emphasized that, at the motion-to-dismiss stage, a plaintiff is entitled only to the reasonable inferences of his or her allegations. *Id.* at *25. In reviewing the specific allegations surrounding the assignment of the plaintiff employee to clean up mold and mildew, the Court held that assigning an employee to arguably dangerous working conditions and even lying to the employee about the safety of the allegedly harmful environment did not give rise to a reasonable inference that the employer actually intended to injure the employee. *Id.* Absent any allegations that the employer's acts were anything other than routine, job related tasks, the plaintiff failed to demonstrate an actual intent to injure. *Id.* at *25-26.

In the present case, the only intentional act alleged is the assignment of Plaintiff Heather Henry to operate the press that allegedly caused her injuries. No facts are alleged supporting a claim that Defendant intended to hurt Plaintiff. As discussed above, merely assigning an employee to a task, even if that task is dangerous and results in an injury, does not meet the pleading standard required to escape the reach of the exclusive remedy provision of the Tennessee Workers' Compensation Act. Accordingly, the Court finds that Plaintiffs' claims are barred by Tennessee Workers' Compensation Act, and Defendant's motion to dismiss is **GRANTED**, and this matter is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 27, 2019.